```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2020
```

April 20, 2020

**MEMORANDUM ENDORSED**

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

**Re:    Nachshen v. WFP Retail Co. L.P. et al. (18 CV 10998)**

Dear Judge Woods:

My firm represents the Defendants in the above-referenced matter.

I write to respectfully request that the current April 30, 2020 deadline for the parties to submit a pre-motion letter requesting leave to file a motion for summary judgment be extended to June 30th, subject to any further delays necessitated by the current pandemic. Counsel for Plaintiff, Adam Hanski, has objected to this request as summarized below.

As the Court may recall, at a telephone conference held on March 6, 2020, because of the illness of and potential surgery for my consultant (who resides in Pittsburgh, PA) which, at that time, was scheduled for July 9th, the current deadline was set for April 30, 2020. A lot has happened since then, as the result of which neither my clients nor my consultant were or are able to travel to or access the facility located in New York City to have my consultant issue her certification of remediation to be include with Defendants' anticipated pre-motion letter, and my consultant's surgery is now presently scheduled for May 4th as the result of a realigning of priorities for surgery at her hospital as the result of the pandemic

Prior to our last call with the Court on March 6th, at the recommendation of the Mediator, Mr. Hanski and I had held a telephone call with my consultant, Joan Stein, to review Plaintiff's consultant's expert report, and my consultant's response, in an effort to eliminate any "non-economic" issues. That call was held on February 21, 2020 and lasted approximately 1-1/2 hours. On that call, we reviewed Plaintiff's consultant's report, item by item and page by page, and discussed several issues regarding our contrary positions: (a) the high top table on the first floor, (b) the counter on the first floor, (c) the banquettes on the first floor, and (d) the area outside the limits of the facility which abuts the fire exit door on the first floor, which are on and part of City property.

At the end of the call, counsel for Plaintiffs agreed to review any open issues with his client and get back to me. This he failed to do.

After I had not heard from Mr. Hanski regarding his client's position on the above issues, I inquired as to when we could expect his promised response and he advised – for the first time –

Hon. Gregory H. Woods
April 20, 2020
Page 2

---

that he had not spoken with his client and did not intend to do so until Defendants delivered a quantitative plan identifying accessible seating at the facility. I responded that that was not made clear previously, but nevertheless in an continuing effort to get past the logjam, on March 24, 2020 I sent Mr. Hanski the plan(s) with a narrative, and also inquired again about his client's responses from the February 21st conference call. During the intervening time, Mr. Hanski did not respond to the March 24th submission, nor did he ever come back to me with his comments on the items discussed on our February 21st call, as promised.

On April 9, 2020, I requested by email that Mr. Hanski join with me in a request for the Court to extend to June 30, 2020 the deadline for the parties to submit a pre-motion letter requesting leave to file a motion for summary judgment for the reasons set forth initially above. Counsel's initial response by email on April 10th was "Sure. Kindly send over a draft letter."

At that time, I had also inquired by email of counsel regarding the status of his response to my email of March 24, 2020 relating to the parties' efforts to identify and agree upon any conditions that required remediation, which had also previously been the subject of a lengthy call with Mr. Hanski and my consultant on February 21st. Counsel had not as of April 10th, responded to either . His response in that same email of April 10th referenced in the preceding paragraph, was "We will respond to the prior email on Monday [April 13th]

When no response to these long outstanding inquiries was forthcoming on April 13th or 14th, I then wrote to counsel on April 15, 2020, again requesting a response, and advising that I intended to proceed with my request for an extension and that that I intended to seek the Court's help in obtaining responses to the issues identified on our call of February 21st and my March 24th email. Somehow, this jarred counsel's ability to respond, and he then sent me an email on April 15th withdrawing his offer to join in my intended request for an extension and stated for the very first time that Defendants were not negotiating in good faith and "plaintiff's position is that must provide a good faith response to his settlement demand before he can agree to any further extension."

Up to that point in time, counsel had never raised this issue or contention. Nor should he or could he have. Not after our lengthy call on February 21st after which counsel agreed to speak with his client about any issues regarding conditions that required remediation; not after my lengthy email of March 24 providing counsel with additional information that he requested and which was not contingent upon a response to our February 21st meeting; and not after counsel's initial response to my most recent request April --- for a response to my March 24th email, including the issues discussed on February 21st. In fact, on February 21st, following the meeting, I wrote to Mr. Hanski, asking that his client's response to the issues discussed could be received by the scheduled conference with the Court on March 6, just prior to the conference call with the Court, Mr. Hanski then told me that his client must receive the Defendants' plan for quantitative accessibility before his client would respond regarding the February 21st issue, which resulted in the issuance by me of the email of March 24th with plans, which took additional time because of complications resulting from the initiation of the pandemic.

It was only after I became concerned with the continuing delay and non-responsiveness of counsel, but after he said "sure" to the anticipated extension, that counsel has now elected to raise this new issue and ostensible response to my legitimate request for an extension due the conditions created by the pandemic and the rescheduling of my consultant's surgery.

Hon. Gregory H. Woods
April 20, 2020
Page 3

---

I responded to Mr. Hanski summarily on April 17th to his newly formed contention, but due to the length of that response, and the string of emails outlined above, I cannot attach same without violating the Court's Rules. Should the Court desire to review them, I will submit them, but respectfully believe that they should be under seal because they relate to settlement negotiations.

I apologize for burdening the Court with the foregoing, but since I am obliged to identify the alleged basis for the Plaintiff's position regarding my request for an extension, I felt that I had to similarly provide the Court with some brief statement of my response thereto as well.

If there is anything further that the Court requires, please advise me.

Thank you for considering this request.

Sincerely,

COZEN O'CONNOR

By:   F. Warren Jacoby

FJ
cc:   Adam Hanski, Esq. Via ECF
      John Ho, Esq, Via ECF

---

Application granted. The deadline for the parties to submit a letter requesting a pre-motion conference requesting leave to file motions for summary judgment is extended to June 30, 2020.

SO ORDERED.

Dated: April 20, 2020

_____
GREGORY H. WOODS
United States District Judge