USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2020

# MEMORANDUM ENDORSED

August 14, 2020

<u>Via ECF</u>
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York

    Re:    *Steven Nachshen v. WFP Retail Co. L.P. et.al.*

        <u>**Docket No. 1:18-cv-10998 (GHW)(JLC)**</u>

Dear Judge Woods:

    We represent the plaintiff in the above-entitled action. We write to respectfully ask the Court to adjourn the August 21, 2020 pre-motion conference by ninety (90) days in order to permit plaintiff to obtain the information necessary to respond to defendants' arguments for summary judgment pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Defendants consent to the application to adjourn the conference and to conducting the limited discovery outlined in this letter application.

    Here, defendants seek to dismiss as moot plaintiff's action for ADA accessibility violations because defendants claim to have performed the modifications to their restaurant that allegedly remediated the plaintiff's alleged accessibility violations. There is no dispute that these modifications occurred <u>after</u> the close of all discovery and well after plaintiff conducted his expert inspection. As the Court is aware from past correspondence regarding the three extensions granted by the Court for the last date for filing a Motion Letter, the defendant's ADA consultant had major surgery and was also prevented from returning to the facility as the result of the pandemic, having finally visited the site on July 20th.

    The evidentiary basis for defendants' motion is an inspection report from defendants' expert identified as "Final Report" dated as of July 30th. See bottom of page 2 of defendants July 31, 2020 letter (ECF Document #55). Critically, plaintiff did not receive this "Final Report" until August 12, 2020. Counsel for defendants advised that the Final Report is dated as of July 30th, and that because he was hospitalized for surgery was unable to release it until August 12th.

    Because of this new post discovery information, plaintiff is unable to adequately respond to the factual basis (remediation of the plaintiff's alleged accessibility violations) of defendants' mootness argument without reviewing this Final Report with plaintiff's expert and conducting a site inspection of the restaurant by plaintiffs expert in order to verify the alleged remediation. In another ADA case involving a defendants' accessibility modifications performed after the close of discovery, Southern District Judge Valerie E. Caproni granted an application to reopen discovery and permit plaintiff to inspect inspection the modifications. See *De La Rosa v. Lewis Foods*, 13 cv 0696 (VEC), SDNY ECF Document #96, Order of 03/6/2015 ("ORDER

granting 95 Letter Motion to Adjourn Conference. Discovery is reopened for the limited purpose of permitting the Plaintiff's examination of the Defendant's modifications to the premises.").

Moreover, (a) in the event that plaintiff's expert visits the site for the proposed inspection, whether or not he issues a report regarding same, defendants' counsel has indicated that he may require the deposition of such expert, and (b) plaintiff may need to conduct a deposition of defendant's expert (author of the Final Report) since defendants' pre-motion letter states that some violations have not been remediated because they are "not readily achievable or are technically infeasible." See bottom of page 2 of defendants July 31, 2020 letter (ECF Document #55).

Courts have consistently permitted a plaintiff to conduct an inspection when the defendants seek to move for summary judgment based on the performance of accessibility remediation that plaintiff had not inspected. *See e.g. Eiden v. Home Depot USA, Inc.*, 2005 WL 2240462, at \*1 (E.D.Cal. 2005) ("Knowing exactly what modifications were made constitutes sought-after facts clearly essential to the plaintiff's ability to respond to the defendant's motion for summary judgment. Because plaintiff has set forth sought-after facts that are "essential" to avoid summary judgment, defendant's motion for summary judgment is DENIED without prejudice to renewal after the close of discovery."); *Sanford v. Del Taco, Inc.*, 2006 WL 1889943, at \*2 (E.D.Cal. 2006) ("Plaintiff's request for a Rule 56(f) continuance is granted because "an additional site inspection could lead to essential facts that would defeat [the] motion for summary judgment." *See Sanford,* 2005 WL 3080930, \*2. In addition, Plaintiff is granted a site inspection of the restaurant for the limited purpose of determining whether Defendants have removed the alleged architectural barriers"); *Dunn v. Eagle Holdings, LLC*, 2015 WL 760247, at \*5-6 (M.D.Ala.,2015) ("as the purpose of the ADA is remedial and the presumed goal of this case is to bring [defendant's public accommodation] into compliance with the ADA, the proper course of action is to defer ruling on Plaintiff's motion for summary judgment to allow an assessment of the present conditions at [defendant's public accommodation]" and "Plaintiff and his retained expert are granted leave to inspect Liberty by March 16, 2015, for the purpose of determining what, if any, ADA violations remain at issue in this litigation in light of Defendants' counsels' representations that the property is ADA compliant and that all relief requested by Plaintiff has been satisfied."); and *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp. 2d 1374, 1389 (N.D. Ga. 2013) (declining to exclude plaintiff's expert report made after the close of discovery because "it was not improper for Plaintiff to have his expert re-inspect the property to assess the validity of that claim so that he could adequately respond to Defendant's motion for summary judgment").

Accordingly, a site inspection will allow plaintiff to determine whether the identified accessibility violations alleged in plaintiff's expert report have been remediated. And, in the event that plaintiff's expert inspects and determines that defendant have not remediated such alleged violations, then based on the requested deposition(s), there may be a genuine issue of material fact which might preclude defendants' motion for summary judgment. Moreover, if the plaintiff's expert confirms that some or all of the violations have been remediated then plaintiff's inspection would result in narrowing the issues to be presented to the Court in the defendants' proposed summary judgment motion, or at trial if the motion is not granted.

      Accordingly, plaintiff respectfully asks the Court to adjourn the August 21, 2020 pre-motion conference by ninety (90) days in order to permit plaintiff to obtain the information necessary to respond to defendants' arguments for summary judgment pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and to permit the aforementioned inspection and depositions. The parties will agree upon and submit to the Court a timetable for the conduct of each of same. Thank you for your time and attention to this matter. With kindest regards, I am

                very truly yours,

                /s/
              Glen H. Parker, Esq.

The Court will take up the arguments presented in this letter at the conference scheduled for August 21, 2020. The Court will defer discussion of Defendants' proposed motion for summary judgment until after that conference.

SO ORDERED.

Dated: August 17, 2020

                _____
                GREGORY H. WOODS
                United States District Judge